IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1997 SESSION



FILED

October 31, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

CHARLES GATES,                      )
                                    )
        APPELLANT,                  )
                                    )
                                    )  No. 03-C-01-9510-CC-00313
                                    )
                                    )  Bradley County
v.                                  )
                                    )  Mayo L. Mashburn, Judge
                                    )
                                    )  (Post-Conviction Relief)
STATE OF TENNESSEE,                 )
                                    )
        APPELLEE.                   )


FOR THE APPELLANT:

Mary Ann Stackhouse
Attorney at Law
9509 Ravenel Lane
Knoxville, TN 37922

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Sarah M. Branch
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0497

Jerry N. Estes
District Attorney General
P.O. Box 647
Athens, TN 37371

John A. Rehyansky
Assistant District Attorney General
P.O. Box 1351
Cleveland, TN 37364-1351


OPINION FILED:_____


AFFIRMED


Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Charles Gates (petitioner), appeals as of right from a judgment of the trial court dismissing his action for post-conviction relief following an evidentiary hearing. In this Court, the petitioner contends the evidence contained in the record preponderates against the judgment rendered by the trial court. He argues he was denied his constitutional right to the effective assistance of counsel because (a) counsel permitted him to plead guilty in view of the evidence, (b) counsel failed to file an appropriate post-plea motion after permitting him to plead guilty, and (c) counsel gave erroneous advice which resulted in pleas of guilty that were not voluntarily, understandingly, and knowingly entered. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this Court that the judgment of the trial court should be affirmed.

On January 7, 1993, the petitioner entered pleas of guilty to the offenses of rape, aggravated kidnapping, and kidnapping. Pursuant to a plea bargain agreement, the trial court sentenced the petitioner to serve eight (8) years in the Department of Correction for the offenses of rape and aggravated kidnapping, and six (6) years in the Department of Correction for the offense of kidnapping. The sentences are to be served concurrently. No appeal was taken to this Court.

The petitioner commenced this action on October 18, 1993. The State of Tennessee filed a response seeking dismissal of the petitioner's action on October 26, 1993. The trial court summarily dismissed the action on June 28, 1994. The petitioner appealed as of right to this Court from the judgment of dismissal. Subsequently, this Court reversed the judgment of the trial court and remanded this cause for an evidentiary hearing. Charles Gates v. State, Bradley County No. 03-C-01-9408-CR-00303, 1995 WL 457970 (Tenn. Crim. App., Knoxville, August 1, 1995). The trial court conducted an evidentiary hearing on March 15, 1996. The findings of fact and conclusions of law were filed on March 21, 1996. The trial court denied the relief sought by the petitioner. In ruling, the court said, "[i]n resolving the conflicts between Petitioner and Mr. Carter [defense counsel], this Court totally accredits the testimony of Mr. Carter and rejects outright any conflicting testimony

2

of the Petitioner." In short, the trial court did not believe the petitioner's testimony.

## I.

When the trial court has conducted an evidentiary hearing to permit a petitioner to ventilate the grounds raised in support of post-conviction relief, the trial court's findings of fact are afforded the weight of a jury verdict, Dixon v. State, 934 S.W.2d 69, 71-72 (Tenn. Crim. App. 1996); Teague v. State, 772 S.W.2d 932, 933-34 (Tenn. Crim. App. 1988), cert. denied, 493 U.S. 874, 110 S.Ct. 210, 107 L.Ed.2d 163 (1989). Consequently, this Court is bound by the trial court's findings of fact unless the evidence adduced at the hearing preponderates against the trial court's findings. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 354 (Tenn. Crim. App. 1994).

There are several well-established rules which govern appellate review in post-conviction cases. As this Court said in Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App.), per. app. denied (Tenn. 1990):

> First, this Court cannot reweigh or reevaluate the evidence; nor can we substitute our inferences for those drawn by the trial judge. Second, questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are resolved by the trial judge, not this Court. Third, the appellant has the burden in this Court of illustrating why the evidence contained in the record preponderates against the judgment of the trial judge.

This Court will now proceed to consider the merits of the petitioner's contentions. In doing so, this Court will apply the aforementioned principles governing appellate review in post-conviction cases to determine whether the evidence adduced at the hearing preponderates against the trial court's findings of fact. See Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978), cert. denied, 441 U.S. 947, 99 S.Ct. 2170, 60 L.Ed.2d 1050 (1979).

## II.

When the petitioner seeks to vitiate a conviction on the ground counsel's

3

representation was ineffective, the petitioner must prove by a preponderance of the evidence (a) the services rendered or advice given by counsel fell below "the range of competence demanded of attorneys in criminal cases" and (b) the unprofessional conduct or errors of counsel "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674, 697 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This is required regardless of whether the petitioner was convicted following a trial on the merits or the entry of a guilty plea. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). However, in Hill the Supreme Court modified the prejudice requirement of Strickland by requiring a petitioner who was convicted after the entry of a guilty plea to establish there was a reasonable probability that, but for defense counsel's errors, he would not have entered the guilty plea. Instead, the petitioner needed to demonstrate that he would have insisted upon a trial by a jury. 474 U.S. at 59, 106 S.Ct. at 370.

In resolving this issue, this Court is governed by certain well-established standards. First, the standards established in Strickland and followed in Hill do not require perfect representation. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Second, it is not the function of an appellate court to "second guess" trial counsel's tactical and strategic choices pertaining to matters of defense unless these choices are made without knowledge of the relevant facts or the law applicable to the issues. Hellard, 629 S.W.2d at 9; State v. Swanson, 680 S.W.2d 487, 490 (Tenn. Crim. App.), per. app. denied (Tenn. 1984). As the supreme court said in Hellard: "[T]he defense attorney's representation, when questioned, is not to be measured by '20-20 hindsight.'" 629 S.W.2d at 9. Third, a petitioner is not deprived of his constitutional right to the effective assistance of counsel because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 279 (Tenn. Crim. App. 1980).

This Court will now undertake to resolve the issues presented for review which are predicated upon a claim he was denied his constitutional right to the effective assistance of counsel.

4

**III.**

The petitioner argues defense counsel was ineffective because he failed "to file the appropriate post trial motions" after counsel received the "recantation from the alleged victim within thirty days of the plea." He also argues defense counsel was ineffective because he allowed the petitioner to plead guilty when (a) he knew there was ample evidence to raise a reasonable doubt, demonstrating the defendant might not be guilty, (b) he failed to interview the victim face-to-face before the petitioner entered his pleas of guilty, and (c) he failed to analyze an incriminating tape-recording.

**A.**

The petitioner's claim that defense counsel failed to file an appropriate post-plea motion is predicated upon a false premise. The statement defense counsel received from the victim after the petitioner entered his pleas of guilty did not constitute a recantation of what the victim had previously stated to the police or the allegations included in the affidavit of complaint given to support the arrest warrants issued for the petitioner. Nor did the statement contradict the recitation of facts given by the assistant district attorney general at the submission hearing.

The affidavit executed by the victim related she had seen the petitioner while her husband was serving overseas in the military. It appears he was sent to Saudi Arabia during Desert Storm. She denied having consensual sexual relations with the petitioner. She described her relationship with the petitioner as a "friendship." When her husband returned, she attempted to terminate this friendship with the petitioner. The bulk of the statement concerned the petitioner's sentence. The victim felt the petitioner should have received full probation. In addition, she wanted to obtain psychiatric assistance for the petitioner. According to the record, the petitioner became violent when he was angry. The victim never stated the petitioner was innocent. She referred to the events in question, i.e., the kidnapping of the victim, the kidnapping of the victim's small son, and the rape of the victim, as "the incident." Given these circumstances, counsel filed a motion pursuant to

5

Rule 35, Tennessee Rules of Criminal Procedure, to modify the sentences imposed pursuant to the plea agreement. The trial court dismissed the motion without an evidentiary hearing.

The petitioner argues defense counsel should have filed a motion to withdraw the pleas of guilty, a motion for new trial, and/or a motion in arrest of judgment. He states in his brief: "Such motions would have been timely and would have been the proper vehicle for obtaining relief for Mr. Gates at that time, post-plea, in light of [the victim's] recantation." He also faults defense counsel for not obtaining an evidentiary hearing on the motion to modify his sentences.

**(1)**

The post-plea remedies alluded to by the petitioner were either not available to the petitioner or he has failed to establish why he was entitled to relief. Therefore, counsel was not ineffective because he did not pursue these remedies.

The motion for a new trial is governed by Rule 33, Tennessee Rules of Criminal Procedure. This rule limits the scope of the motion to cases where the accused has been tried either by a jury or the trial court. Tenn. R. Crim. P. 33(a). In this case, the petitioner entered pleas of guilty to the offenses pursuant to a plea agreement. Consequently, the filing of a motion for a new trial would have been frivolous. Counsel is not required to file a frivolous motion.

The scope of the motion for arrest of judgment is limited. Rule 34, Tenn. R. Crim. P. The rule states a trial court "shall arrest judgment if the indictment, presentment or information does not charge an offense or if the court was without jurisdiction of the offense charged." Neither of these grounds were established by the evidence adduced at the evidentiary hearing. Nor does the petitioner set forth in his brief a basis for arresting the judgment of the trial court. Again, the filing of a motion for arrest of judgment would have been frivolous in this case.

The withdrawal of guilty pleas is governed by Rule 32(f), Tennessee Rules of Criminal Procedure. Once the accused has entered a plea of guilty and the trial court has imposed sentence, the accused may seek to withdraw the guilty plea before the judgment

6

has become final. Tenn. R. Crim. P. 32(f). The trial court may permit the withdrawal of the guilty plea to correct "manifest injustice." In State v. Turner, 919 S.W.2d 346 (Tenn. Crim. App. 1995), this Court set forth scenarios illustrating what does and does not constitute manifest injustice. In this case, there is no evidence in the record establishing manifest injustice. Therefore, the petitioner was not entitled to the withdrawal of his guilty pleas.

## (2)

Rule 35(b), Tennessee Rules of Criminal Procedure, authorizes a trial court to reduce a sentence upon the motion of a party within 120 days from the date sentence was imposed. As the comments to this rule indicate, the purpose of the rule is to allow alteration of a sentence when it is in the interests of justice. This rule does not vest the defendant with a remedy of right. State v. Deborah Crabtree Martin, Anderson Co. No.173, 1987 WL 14941 (Tenn. Crim. App., Knoxville, July 31, 1987). To the contrary, the rule commits the granting of relief to the sound discretion of the trial court. Moreover, the trial court may dismiss a Rule 35 motion without a hearing. Rule 35(b), Tenn. R. Crim. P. See State v. Katrina L. Harris, Anderson County No. 202, 1989 WL 54580 (Tenn. Crim. App., Knoxville, May 23, 1989).

Defense counsel properly filed a Rule 35 motion to modify the sentences imposed by the trial court notwithstanding the petitioner entered pleas of guilty and was sentenced pursuant to a plea bargain agreement. See State v. McDonald, 893 S.W.2d 945 (Tenn. Crim. App. 1994). There was no agreement between the State of Tennessee and the petitioner regarding the applicability of probation or the imposition of a community corrections sentence. Defense counsel testified the petitioner was aware that if he accepted the plea agreement he would not receive a sentencing hearing through which alternative sentencing could be sought. However, it was possible the trial court may have given consideration to an alternative sentence given the feelings of the victim.

As previously stated, the trial court is authorized by Rule 35 to dismiss a motion without granting the moving party a hearing on the motion. See State v. Katrina L. Harris,

7

supra; State v. Deborah Crabtree Martin, supra. The conduct of the trial court in dismissing the motion was simply a reaffirmation of the sentences previously imposed. State v. Bilbrey, 816 S.W.2d 71 (Tenn. Crim. App. 1991). Thus, defense counsel can not be considered ineffective because the trial court exercised its discretion pursuant to Rule 35.

The record indicates the trial court did not abuse its discretion in dismissing the motion for modification of the sentences. Contrary to the argument advanced by the petitioner, there were no material changes between the date the sentences were imposed and the filing of the motion. See State v. Deborah Crabtree Martin, supra.

**B.**

The petitioner also contends defense counsel was ineffective because he permitted him to plead guilty. He argues counsel should not have permitted him to plead guilty knowing that there was sufficient evidence to raise a reasonable doubt. He also argues counsel was ineffective because he failed to interview the prosecutrix face-to-face, and he failed to have a tape-recording of a telephone conversation with the prosecutrix analyzed.

Defense counsel was prepared to try the petitioner's case. He had the statements previously made by the prosecutrix. He talked to her by telephone and attempted to establish an appointment to talk to her in person. The prosecutrix declined to meet with defense counsel. Defense counsel cannot compel a prosecution witness to meet with him so he can discuss his client's case. Since the prosecutrix would not make herself available for a live interview, defense counsel was prudent by calling the witness and talking to her on the telephone.

The petitioner and counsel listened to the telephone conversation between the prosecutrix and himself regarding what had occurred. The petitioner incriminated himself during the conversation.[1] Defense counsel asked the petitioner if the voice on the tape was his voice. He advised counsel it was his voice. Counsel also asked the petitioner if

---

[1] The petitioner went to the district attorney general's office on more than one occasion to try and explain what had occurred. He even went after counsel was appointed to represent him. He also talked to a law enforcement official and attempted to explain what occurred.

8

the content of the conversation was accurate. The petitioner assured counsel it was accurate. Thus, there was no reason to have the audio tape analyzed for any purpose.

Once the petitioner heard the taped conversation, he approached counsel and advised him he wanted to plead guilty and accept the offer which had previously been communicated by the assistant district attorney general. Defense counsel explained to the petitioner the significance of pleading guilty and the rights the petitioner would lose if he entered guilty pleas. Defense counsel was satisfied the petitioner fully understood the significance and consequences of his change of plea.

Certain decisions during a criminal prosecution are to be made by the accused. One of these rights is what plea the accused will enter. See ABA Standards for Criminal Justice (2nd ed. 1980), The Defense Function § 4-5.2(a). The petitioner made this decision after being informed of the evidence against him and the law governing the prosecution if he went to trial. When he made the decision to plead guilty, counsel advised the petitioner of the consequences of pleading guilty.

In this case, the entire defense was predicated upon the ability of counsel to impeach the prosecutrix. The petitioner did not dispute what had occurred. He contended he had consensual sex with the prosecutrix. She contended she never had a sexual relationship with the petitioner. She described the petitioner as a "friend." The prosecutrix was married and the mother of a small child. Given these circumstances, defense counsel was not ineffective because he permitted the petitioner to enter pleas of guilty. The petitioner was properly advised of his rights and the consequences of the change of pleas. He made the decision to change his plea. This was all that was required of counsel in view of the evidence against the petitioner.

## IV.

The petitioner contends his pleas of guilty were not knowingly or voluntarily entered because the pleas were entered on the advice of counsel. He argues defense counsel was ineffective due to counsel's failure to fully investigate the facts, and that the pleas were entered on misinformation conveyed by counsel regarding the evidence which was

9

available to the state and the defense.

This Court agrees with the petitioner that pleas of guilty must meet certain requirements to pass constitutional muster. Certainly, if defense counsel's representation fell below the level of competency required in criminal cases, the petitioner would be entitled to relief if he could establish the second prong in Hill. However, the problem the petitioner faces is that the trial court's findings of fact regarding this issue are binding in this case, and the evidence contained in the record does not preponderate against these findings. As previously stated, the trial court did not believe the testimony given by the petitioner. He accredited the testimony of defense counsel.

Defense counsel stated the petitioner approached him a few days before the scheduled trial and advised counsel he desired to plead guilty to the offense. In other words, counsel did not tell the petitioner to enter the pleas of guilty nor did counsel attempt to convince him to enter the pleas. When defense counsel learned of the change in plea, counsel met with the petitioner and explained the significance and consequences of pleading guilty. Counsel was satisfied the petitioner understood what was explained to him, and that the petitioner voluntarily, knowingly, and understandingly entered the pleas of guilty.

The trial court reviewed with the petitioner what occurred at the submission hearing. The petitioner admitted the trial court asked all the questions necessary to determine whether the petitioner was voluntarily, knowingly and understandingly entering the respective pleas. The petitioner also admitted he answered the questions and indicated he had in fact voluntarily, knowingly, and understandingly entered the pleas. However, the petitioner stated he answered the questions untruthfully. When asked whether he told the truth at the submission hearing or during the evidentiary hearing, the petitioner stated he entered the pleas on the advice of counsel. He refused to admit the pleas were voluntarily, knowingly, and understandingly entered as indicated by his answers at the submission hearing.

The trial court and defense counsel both believed the petitioner entered the guilty pleas voluntarily, knowingly, and understandingly. Further, the litany of questions asked the petitioner passed constitutional muster. Since the trial court found the petitioner was

10

untruthful and did not believe his testimony, the evidence contained in the record does not preponderate against the findings of fact made by the trial court.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:

_____
JOSEPH M. TIPTON, JUDGE

_____
CURWOOD WITT, JUDGE