IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 28, 2010

## STATE OF TENNESSEE ex rel DAVID W. DUNN v. HOWARD CARLTON, WARDEN

**Direct Appeal from the Criminal Court for Johnson County**
**No. 5237    Robert Cupp, Judge**

**No. E2009-01647-CCA-R3-HC - Filed June 3, 2010**

In 1985, a jury found the petitioner, David W. Dunn, guilty of first degree murder. He received a life sentence. In his petition for habeas corpus relief, the petitioner contended that the judgment against him was void because the trial court sentenced him as a Range I, standard offender, and the trial court did not have jurisdiction to impose a life sentence with a thirty percent release eligibility. The habeas corpus court denied relief and remanded the case to the Criminal Court of Davidson County for entry of a corrected judgment. Following our review of the parties' briefs, the record, and the applicable law, we conclude that the petitioner failed to timely file his notice of appeal and that his claims do not warrant consideration in the "interest of justice." Therefore, we dismiss his appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J.C. McLin, J., delivered the opinion of the court, in which Joseph M. Tipton, P.J., and James Curwood Witt, Jr., J., joined.

David W. Dunn, Pro Se, Mountain City, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Background**

In 1985, a jury found the petitioner guilty of first degree murder, grand larceny, and concealing stolen property over the value of $200. *State v. David Wayne Dunn*, No.

85-356-III, 1986 WL 6322, at *1 (Tenn. Crim. App. at Nashville, June 6, 1986). The facts underlying the convictions are summarized as follows in this court's opinion in the direct appeal of this matter:

> At trial, [the petitioner] took the position that he was not responsible for the death of Sheryl Hanvy. He admitted that he had been with her on the night she was bludgeoned and stabbed to death, but testified that their relationship was amiable and that he left her apartment at midnight, taking her car overnight to have it tuned up for a trip they planned to take to North Carolina. He further testified that certain jewelry of hers which he had in his possession the next day had been loaned to him, given to him, or was to be pawned to raise money for their trip to North Carolina.

> Hanvy's body was found in her apartment after the resident of the apartment immediately below hers saw blood dripping through the ceiling of the bathroom. Hanvy's skull had been repeatedly fractured by a blunt instrument (one doctor described it as looking like a hard-boiled egg that had been tapped all over against a solid surface to produce a cracked eggshell effect), and there was a silver kitchen knife protruding from her back. The apartment had been ransacked and the contents of Hanvy's purse were dumped in a pool of blood. Her body had been dragged from the front of the apartment to the rear, trailing blood as it went.

> When he was arrested, [the petitioner] was in possession of Hanvy's car and various items of jewelry taken from her apartment. He told police that he and Hanvy had gotten into an argument and that he had pushed her and hit her in the head several times, but he maintained that she was alive, 'kicking and screaming,' when he left the apartment. This statement was later introduced on cross-examination of [the petitioner], as a prior inconsistent statement tending to cast doubt on the credibility of his testimony on direct that he had played no part at all in Hanvy's death.

> Three of [the petitioner]'s close friends, his roommates, John and Frank Farmer, and Frank Farmer's girlfriend, Leslie Tapscott, testified for the state regarding various incriminating statements made by [the petitioner] after Hanvy's murder. [The petitioner] told Frank Farmer, for example, that he had killed Hanvy out of jealousy, because she wanted to go out with Farmer. [The petitioner] told Tapscott that he had killed Hanvy with a hammer, 'hit[ting] her so hard that it left the imprint of her face in a door or wall or something,' and admitted stabbing Hanvy. He also asked Tapscott to get rid of some boots of

his that were in the apartment he had shared with Farmer. She located the boots, called the police, and asked them to come get the boots. They were later found to have the victim's blood on them.

*Id.* The trial court sentenced the petitioner to life imprisonment for the murder conviction and to six years each for the grand larceny and concealing stolen property convictions. The court ordered the petitioner to serve the six-year sentences concurrently to each other but consecutively to the life sentence. On appeal, this court affirmed the murder and grand larceny convictions but set aside the concealing stolen property conviction. *Id.*

In 1989, the petitioner filed for post-conviction relief alleging ineffective assistance of counsel, which the post-conviction court denied, and this court affirmed the denial of post-conviction relief. *State v. David Wayne Dunn*, No. 01-C-01-9002-CR-00028, 1990 WL 172626, at *1 (Tenn. Crim. App. at Nashville, Nov. 9 1990). This court also affirmed the summary dismissal of the petitioner's first petition for habeas corpus relief, in which he alleged that the indictment was duplicitous and that the judgment was an illegal general verdict. *David Wayne Dunn v. Howard Carlton*, No. E2007-00355-CCA-R3-HC, 2007 WL 2458781, at *1-2 (Tenn. Crim. App. at Knoxville, Aug. 30, 2007) *perm. app. denied* (Tenn. 2007).

The petitioner filed the instant petition for habeas corpus relief on February 29, 2008. In his petition, he alleged that the judgment against him was void because "Tennessee statutes do not authorize any life sentence to be served at thirty percent." On May 18, 2009, the habeas corpus court denied relief and remanded the matter to the Criminal Court of Davidson County for entry of a corrected judgment. In its order, the habeas corpus court incorrectly stated that the petitioner pleaded guilty to first degree murder. On May 28, 2009, the petitioner filed a motion to alter or amend the court's order to reflect that he did not plead guilty, which the court denied on June 30, 2009. The petitioner filed his notice of appeal on July 30, 2009.

**Analysis**

On appeal, the petitioner contends that the trial court erred in refusing to correct its dismissal order. He further argues that his judgment of conviction for first degree murder is void. The state responds that the petitioner untimely filed the notice of appeal. We agree with the state and dismiss the appeal.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 through 29-21-130 codify the applicable procedures for seeking a writ. However, the grounds upon which a writ of habeas

corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *See Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor*, 995 S.W.2d at 83. The burden is on the petitioner to establish by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

A notice of appeal must be filed within thirty (30) days after the date of entry of the judgment from which the petitioner is appealing. Tenn. R. App. P. 4(a). Thus, the petitioner had thirty days from the entry of the May 18, 2009 order in which to file notice of appeal. The petitioner's motion to alter or amend the judgment of the habeas corpus court did not toll the limitations period for filing a notice of appeal. *See Michael A. Sullivan v. Karen Watson*, No. M2005-02061-CCA-R3-HC, 2006 WL 3831383, at *1 (Tenn. Crim. App. at Nashville, Dec. 14, 2006) (citing *State v. Ryan*, 756 S.W.2d 284, 285, n. 2 (Tenn. Crim. App. 1988); *State v. Bilbrey*, 816 S.W.2d 71, 74 (Tenn. Crim. App. 1991)). As the petitioner did not file his notice of appeal until July 30, 2009, it was untimely.

However, the untimely filing of a notice of appeal is not always fatal to an appeal. As stated in Rule 4(a), "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). "In determining whether waiver is appropriate, this [c]ourt will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. at Nashville, Dec. 27, 2005). Waiver should only occur when "the interest of justice" mandates waiver. *See State v. Scales*, 767 S.W.2d 157, 158 (Tenn. 1989).

The petitioner has not offered an explanation for the untimely filing of his appeal. Additionally, we conclude that the petitioner's claim that the trial court erred by denying the

petitioner's motion to alter or amend the court's order is not an appropriate basis for appeal because the Tennessee Rules of Appellate Procedure state that habeas corpus petitioners have the right to appeal from the *final judgment* of the habeas corpus court. Tenn. R. App. P. 3(b). Moreover, the habeas court's remand for entry of a corrected judgment was the appropriate remedy in this case. This court has previously held that a judgment that reflects a life sentence and a Range I offender status but is silent as to release eligibility percentage, as is the situation in this matter, is not void on its face. *See Martin E. Walker v. Howard Carlton*, No. E2006-00452-CCA-R3-HC, 2008 WL 2695649, at *2 (Tenn. Crim. App., at Knoxville, July 10, 2008). Therefore, we conclude that "the interest of justice" does not mandate waiver in this case.

## Conclusion

Based on the foregoing reasons, the appeal is dismissed.

_____

J.C. McLIN, JUDGE