# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### May 2000 Session

## STATE OF TENNESSEE v. BRIAN SULLIVAN

**Appeal as of Right from the Criminal Court for Shelby County**
**No. 98-14049     Chris Craft, Judge**

---

**No. W1999-00941-CCA-R3-CD - Filed October 23, 2000**

---

The appellant, Brian Sullivan, entered a plea of nolo contendere in the Shelby County Criminal Court to one count of attempted aggravated sexual battery, a Class C felony. The trial court sentenced the appellant to a term of three (3) years, suspended. On appeal, the appellant argues that the trial court erred in denying his petition for judicial diversion. After a review of the record before this Court, we conclude that because the appellant was convicted of a sexual offense, he is statutorily ineligible for judicial diversion. Therefore, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court of Shelby County Affirmed**

JERRY SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ, joined.

Robert M. Brannon, Jr., Memphis, Tennessee attorney for the appellant, Brian Sullivan.

Paul G. Summers, Attorney General and Reporter, Mark E. Davidson, Assistant Attorney General, Nashville, Tennessee and William L. Gibbons, District Attorney General, James Wax, Assistant District Attorney, attorneys for the appellee, State of Tennessee.

## OPINION

In November 1998, the appellant was charged with one (1) count of aggravated sexual battery[1], and several months later, he entered a plea of nolo contendere to one (1) count of attempted aggravated sexual battery. Subsequently, the appellant filed a petition for judicial diversion pursuant to Tennessee Code Annotated section 40-35-313, and after an evidentiary hearing, the trial court denied diversion, finding that the appellant was not an appropriate candidate.

---

[1] The indictment also charged two (2) additional counts; however, those counts were subsequently dismissed by the state.

In his sole issue on appeal, the appellant contends that the trial court abused its discretion in denying judicial diversion. However, we need not reach this issue because the appellant is statutorily ineligible for diversion. Judicial diversion is governed by Tenn. Code Ann. § 40-35-313. Under Tenn. Code Ann. § 40-35-313(a)(1)(B) (1997), "no defendant, who is found guilty of or pleads guilty to a sexual offense, shall be eligible for deferral of further proceedings and probation as authorized by this section." Attempted aggravated sexual battery is a "sexual offense" within the meaning of this provision. *See* Tenn. Code Ann. § 40-35-313(a)(1)(B)(iii) and (viii).

The appellant entered a plea of nolo contendere to one (1) count of attempted aggravated sexual battery. "A plea of nolo contendere admits every essential element of the offense, . . . and it is tantamount to an admission of guilt for purposes of the case in which the plea is entered." Teague v. State, 772 S.W.2d 932, 943 (Tenn. Crim. App. 1988); *see also* State v. Bilbrey, 816 S.W.2d 71, 75 (Tenn. Crim. App. 1991) ("[a] nolo contendere plea has the same effect as a guilty plea, . . ."). By accepting the appellant's plea of nolo contendere to attempted aggravated sexual battery, the trial court entered a finding a guilt as to this offense. Therefore, we hold that when a defendant enters a plea of nolo contendere to a "sexual offense" as defined by Tenn. Code Ann. § 40-35-313(a)(1)(B)(i) - (viii), he is ineligible for judicial diversion under the statute.

The appellant was convicted of a "sexual offense" as defined in the judicial diversion statute and, as a result, is ineligible for judicial diversion. Accordingly, the trial court's judgment denying the appellant's petition for judicial diversion is affirmed.

_____
JERRY SMITH, JUDGE