IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 17, 2003

## LARRY COULTER v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-43611    J. Steve Daniel, Judge  -  Filed October 21, 2003**

---

**No. M2002-02688-CCA-R3-PC**

---

The petitioner's filing of a motion to reconsider did not toll the running of the thirty day requirement for filing notice of appeal.  We conclude that the record evinces no basis for determining that justice requires us to excuse the timely filing of a notice of appeal**.**

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Larry Coulter, Whiteville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; and William C. Whitesell, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner, Larry Coulter, was tried and convicted in the Rutherford County Circuit Court of one count of first degree premeditated murder.  He received a sentence of life imprisonment in the Tennessee Department of Correction for this offense.  On June 26, 2001, this Court affirmed the judgment of the trial court.  The petitioner filed a *pro se* petition for post-conviction relief on August 12, 2002.  It was denied September 9, 2002, and the petitioner filed a petition to rehear and consider on October 7, 2002.  It was denied on October 8, 2002.  The petitioner filed his notice of appeal on October 28, 2002.  He contends on appeal:  (1) the district attorney's office should have been disqualified because of conflict of interest, (2) because of his mental state, he could not understand the nature of the charges, (3) denial of a fair trial because jurors were asleep, (4) violations of his 4th, 5th, and 14th amendment rights concerning statements made to the police, (5) the post-conviction court erred in not holding a hearing or appointing counsel, and (6) improper jury instructions.

**Facts**

For the detailed factual background of this case, see <u>State v. Coulter</u>, 67 S.W.3d 3, 13-25 (Tenn. Crim. App. 2001).

**Analysis**

An appeal as of right is initiated by the filing of a notice of appeal, Tenn. R. App. P. 3(e), within thirty days of the entry of the judgment being appealed. Tenn. R. App. P. 4(a). However, if a timely motion (1) for judgment of acquittal, (2) for a new trial, (3) for arrest of judgment, or (4) for a suspended sentence is filed, the thirty days run from the entry of the order determining such motion or motions. Tenn. R. App. P. 4(c). No other motion, including one for rehearing is allowed to suspend the running of the appeal time from the entry of the judgment. <u>State v. Bilbrey</u>, 816 S.W.2d 71, 74 (Tenn. Crim. App. 1991). In fact, this Court has noted that "there is no provision in the Tennessee Rules of Criminal Procedure for a 'petition to reconsider' or a 'petition to rehear.'" <u>State v. Ryan</u>, 756 S.W.2d 284, 285 n. 2 (Tenn. Crim. App. 1988). Although not raised by either party, it is obvious from the record that the petitioner's notice of appeal was late filed. Even though this issue is not presented by the State in its brief, we may consider it under Tenn. R. App. P. 13(b).

In this case, the petition for post-conviction relief was denied on September 9, 2002. The petitioner filed a motion to reconsider on October 7, 2002, and it was denied the next day. The notice of appeal was not filed until October 28, 2002. The fact that the petitioner stated in his notice of appeal that he was appealing to this Court from an order entered October 7, 2002, is of no consequence. The thirty days for filing the notice of appeal ended on October 9, 2002, unless the petitioner filed one of the motions listed in Tenn. R. App. P. 4(c). In reviewing the petitioner's motion to reconsider, this Court must consider the substance of the motion in determining whether it is in fact one of the specified post-trial motions which toll commencement of the time period. <u>See</u> <u>Tenn. Farmers Mut. Ins. Co. v. Farmer</u>, 970 S.W.2d 453, 455 (Tenn. 1998). Applying this rule, we ascertain that the petitioner's "motion to reconsider" did not toll the commencement of the thirty day period. Therefore, the notice of appeal was not timely filed.

However, for purposes of notice of appeal requirements, the Post-Conviction Procedure Act has been construed as being criminal in nature. <u>State v. Scales</u>, 767 S.W.2d 157, 158 (Tenn. 1989). Thus, the notice of appeal document is not jurisdictional, and the filing of such document may be waived in the interest of justice. Tenn. R. App. P. 4(a); <u>Scales</u>, 767 S.W.2d at 158. Although the petitioner's filing was *pro se*, Tenn. R. App. P. 4 does not relieve *pro se* petitioners from the thirty day notice requirement. Thus, the petitioner's *pro se* status remains but one factor in deciding whether the interest of justice mandates waiver of the thirty day notice requirement. <u>Deonnie Rodenie Boykin v. State</u>, No. W2003-00066-CCA-R3-CO, 2003 Tenn. Crim. App. LEXIS 680, *3-4 (Tenn. Crim. App., at Jackson, July 28, 2003). In determining whether waiver is appropriate, this Court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case. <u>Id.</u>

In his brief, the petitioner has not addressed the issue of failing to timely file notice of appeal. He has not filed a motion with this Court seeking to be excused from the requirement of a timely

notice of appeal. We assume that the petitioner was under the impression that his filing of the motion to reconsider tolled the thirty-day filing requirement. However, as we have indicated *supra*, it is clear that the time limit was not tolled, and the notice of appeal was not timely filed.

The petitioner contends on appeal that (1) the district attorney's office should have been disqualified because of conflict of interest, (2) because of his mental state he could not understand the nature of the charges, (3) he was denied a fair trial because jurors were asleep, (4) his 4th, 5th, and 14th amendment rights were violated concerning statements made to the police introduced at trial, (5) the post-conviction court erred in not holding a hearing or appointing counsel, and (6) improper jury instructions. The only issues raised in the petition for post-conviction relief were issues (1), (2), and (4). A review of the petitioner's direct appeal reveals that two of these issues were previously determined. State v. Coulter, 67 S.W.3d 3 (Tenn. Crim. App. 2001). As to issue (1), this Court held that the screening mechanisms employed by the District Attorney's office adequately addressed any actual or apparent conflicts. Id. at 28-33. Thus, this issue was without merit. Id. As to issue (4), this Court held that even if some of the statements made to police were inadmissible, any error would be harmless because of the overwhelming evidence against the petitioner. Id. at 37-39. The post-conviction court correctly dismissed these claims by the petitioner. See Tenn. Code Ann. § 40-30-206.

As to issue (2), the petitioner alleged diminished capacity prior to trial without providing any factual basis to support this assertion. The petition for post-conviction relief must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. Tenn. Code Ann. § 40-30-206(d). A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Id. Additionally, failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. Id. The post-conviction court pointed out that mental health evaluations performed prior to trial determined that the petitioner was competent to stand trial and that there was no evidence of diminished capacity. The post-conviction court correctly dismissed this claim by the petitioner. See Tenn. Code Ann. § 40-30-206.

**Conclusion**

We conclude that the record evinces no basis for determining that justice requires us to excuse the timely filing of a notice of appeal. In absence of a timely filed notice of appeal, the above-captioned appeal is dismissed.

_____
JOHN EVERETT WILLIAMS, JUDGE