# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs April 28, 2010

## STATE OF TENNESSEE v. DONNIE EDWARD BRADDAM, ALIAS EDDIE BRADDAM

**Appeal from the Criminal Court for Hamilton County**
**No. 260767      Barry A. Steelman, Judge**

---

**No. E2009-02178-CCA-R3-CD - Filed August 26, 2010**

---

The Defendant, Donnie Edward Braddam, appeals the Hamilton County Criminal Court's order revoking his probation for aggravated burglary, a Class C felony, and ordering him to serve the balance of his three-year sentence in the Department of Correction. We hold that the trial court did not abuse its discretion, and we affirm its judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and J.C. MCLIN, JJ., joined.

Ardena J. Garth, District Public Defender; Richard Kenneth Mabee, Chattanooga, Tennessee (on appeal); and Mary Ann Green, Assistant District Public Defender, Chattanooga, Tennessee (at trial), for the appellant, Donnie E. Braddam.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General (on appeal); and Matthew Rogers, Assistant District Attorney General (at trial), for the appellee, State of Tennessee.

## OPINION

Pursuant to a plea agreement, the Defendant pled guilty on January 18, 2007, to aggravated burglary and received a sentence of three years, with eleven months and twenty-nine days to be served in confinement and the remainder to be served on supervised probation. On April 17, 2007, Randy Petersen, the Defendant's probation officer, filed a probation violation report alleging that the Defendant had failed to report to his probation officer and had failed to pay his court fees. Following a hearing on November 12, 2007, the trial court found the failures occurred and reassigned the Defendant to supervised probation.

On June 23, 2008, Mr. Petersen filed another probation violation report that alleged that the Defendant had not reported to his probation officer and had not paid his fees. Probation officer Stephanie Anders filed a modified violation report on July, 14, 2009, alleging that the Defendant had failed to pay restitution.

At the revocation hearing, Ms. Anders testified that she was assigned to supervise absconders' probation and that she was assigned to supervise the Defendant's probation on February 26, 2009, because the Defendant was deemed to be an absconder. She said the Defendant's last report to his probation officer was on November 21, 2007, which was after the trial court sustained a probation violation against him on November 12, 2007. She said that the Defendant reported a new address but no place of employment and that he was instructed to complete an assessment at the Center for Alcoholism and Drug Addiction Services (CADAS). She testified that the Defendant was scheduled to report to his probation officer again but that he failed to appear.

Ms. Anders testified that the Defendant failed to provide proof that he had completed a CADAS assessment. She said that the Defendant had also been arrested for possession of drug paraphernalia and driving on a revoked license and that he had failed to report those charges, as required as a condition of his probation.

The Defendant testified that before his most recent arrest, he had been working at Buster's Used Cars as a mechanic and security guard for four to six months. He said that he would be able to return to his job if he were reassigned to probation. He stated that the conviction in this case resulted from a burglary of his parents' home but explained that he committed the offense because of his crack cocaine addiction. He testified that he had not used drugs in two years and had stopped drinking. He said that after the trial court found a probation violation in 2007, he returned to supervised probation after a short period in jail. He said that he completed an alcohol and drug class while in jail. He acknowledged that he did not report to his probation officer after completing the class but explained that he "wasn't really thinking."

The Defendant testified that after his release, he reported to the probation office and was told he would have to return on another date. He said that he gave the probation office his parents' address and telephone number because his parents always knew where to find him. He stated that he attempted to complete the CADAS program but that he was unable to enroll because it had reached capacity and quit trying. He also testified that he tried to get into the Community Kitchen program, but it was also at capacity. He acknowledged that after his release from jail, he was charged in Hamilton County with possession of drug paraphernalia and driving on a revoked license. He also testified that he was arrested and convicted in Sequatchie County in 2009 of DUI and driving on a revoked license. He

-2-

acknowledged that he had been "on the run" for a while but stated that he had not reported to his probation officer because he was trying to rehabilitate himself. He said that the reason he had not attended the CADAS program was because he "stayed in the wrong area" and explained that he had been living around people who used drugs.

The Defendant's mother, Brenda Braddam, testified that the Defendant had lived with her for a period of time in 2007. She said that there had been a positive change in the Defendant's actions since he had stopped using crack cocaine. She also testified that she and the Defendant's father were no longer seeking restitution from the Defendant.

The trial court found that the Defendant violated his probation by absconding from supervision and by committing the crimes of possession of drug paraphernalia and DUI while he was on probation. The court revoked his probation and ordered him to serve his sentence in confinement.

The Defendant filed a motion in which he requested a rehearing on sentencing, or alternatively, that the court modify the jail service component of his sentence. The court conducted a hearing on the motion twelve days after the revocation hearing.

Deborah Moore, a car salesman at Buster's Used Cars in Dunlap, testified that the Defendant had worked at Buster's for approximately four months earlier that year. She said that the Defendant was a mechanic during the day and a security watchman at night. Moore said that the Defendant was a trusted and reliable employee. She identified a letter written by William Whittenberg, the company's owner, stating that he would allow the Defendant to return to work if he were released on probation.

After receiving the evidence, the trial court denied the motion. The Defendant appealed the trial court's order imposing confinement.

**I**

As a preliminary matter the State argues that the appeal should be dismissed due to an untimely notice of appeal. The Defendant has not responded to this argument.

The trial court filed its revocation judgment on September 9, 2009. The Defendant filed his Motion to Reconsider Sentence on September 14, 2009. The court denied the motion on September 21. The Defendant filed his notice of appeal on October 15.

An appeal as of right is initiated by filing a notice of appeal within thirty days of the entry of the judgment being appealed. T.R.A.P. 3(e), 4(a). However, if a timely motion (1)

-3-

for judgment of acquittal, (2) for new trial, (3) for arrest of judgment, or (4) for a suspended sentence is filed, the thirty days runs from the entry of the order determining such motion or motions. T.R.A.P. 4(c). No other motion, including one for rehearing or for reduction of sentence, is allowed to suspend the running of the appeal time from the entry of the judgment. See State v. Lock, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992); State v. Bilbrey, 816 S.W.2d 71, 74-75 (Tenn. Crim. App. 1991). The Defendant's Motion to Modify or, In the Alternative, To Modify the Conditions of Sentence did not toll the time for filing a notice of appeal.

"A defendant who fails to appeal from the entry of a judgment of conviction, including the sentence, but who elects to appeal after a Rule 35 motion to reduce sentence has been decided, runs the risk of having failed to preserve any issue regarding the validity of the judgment, being left with only those properly raised in the Rule 35 motion." Bilbrey, 826 S.W.2d at 75; see Tenn. R. Crim. P. 35. However, Rule 4(a) provides that the notice of appeal "is not jurisdictional and the filing of such document may be waived in the interest of justice." T.R.A.P. 4(a). "In determining whether waiver is appropriate, this Court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." State v. Markettus L. Broyld, No. M2005-00299-CCA-R3-CO, Davidson County, slip op. at 2 (Tenn. Crim. App. Dec. 27, 2005). The Defendant stated the issues in his appeal, and the record contains transcripts of the sentencing hearing and the Motion for Reduction of Sentence hearing. The Defendant filed his Motion to Reconsider or, In the Alternative, to Modify the Conditions of Sentence six days after judgment was imposed. He then filed a notice of appeal within thirty days of the trial court's order denying his Motion for Reduction of Sentence. We infer from the record that defense counsel mistakenly believed that the Defendant had thirty days from the denial of the motion. For this reason, we will waive timely filing in the interest of justice.

However, we note our concern that the Defendant did not file a reply brief following the State's brief which sought dismissal due to the untimely notice of appeal. It is not this court's function to search a record for a hint as to why counsel was late in filing the notice of appeal. When the State or the defense notes on appeal that the notice of appeal was not filed timely, it is incumbent upon counsel to explain why the notice was late and why this court should consider the appeal. Absent an explanation, this court need not concern itself with supplying one.

## II

In this appeal, the Defendant contends that the trial court erred in revoking his probation and ordering him to serve his sentence in confinement. The State argues that the record supports the trial court's sentencing determination. We agree with the State.

A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e). If a trial court revokes a defendant's probation, its options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35–308(a), (c), -310; see State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999). The judgment of the trial in a revocation proceeding will not be disturbed on appeal unless it appears that there has been an abuse of discretion. See State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981).

The Defendant contends that the trial court abused its discretion in revoking his probation and instead should have crafted an alternative sentencing. He argues that despite his infractions, the trial court should have returned him to probation because he had a job that was still available, a place to live, and was no longer on drugs. He argues that he had completed an alcohol and drug treatment program while in the Hamilton County Workhouse. He notes that he made efforts to comply with the terms of his probation by attempting to enroll in CADAS and the Community Kitchen but that he failed because both programs were full. He also notes that his parents are willing to give him aid and would forgive any restitution he owed them.

The Defendant admitted that he violated the terms of his probation when he failed to report to his probation officer, failed to pay court fees, and committed new crimes. The question that remains is whether the trial court erred in ordering the Defendant to serve his sentence in confinement.

The evidence at the hearing established that the Defendant had been reassigned to supervision after he violated the terms of his probation on a previous occasion. The evidence also established that the Defendant violated the terms of his probation a again by failing to report to his probation officer and by committing new crimes. These facts overshadow the Defendant's argument that the trial court should have given him a another chance at probation because he had made an effort to comply with the terms of his probation and had a job that was still available to him. The trial court did not err in ordering the Defendant to serve his sentence in confinement.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE