IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 28, 2018

## DONALD SCOTT KIMBROUGH v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Anderson County**
**No. B7C00135       Donald Ray Elledge, Judge**

_____

## No. E2017-01354-CCA-R3-PC

_____

In April 2005, Donald Scott Kimbrough ("the Petitioner") pled guilty to second degree murder and attempted second degree murder. Pursuant to a plea agreement, the Defendant received an effective sentence of twenty-five years' incarceration. Almost twelve years after his guilty plea, in March 2017, the Petitioner filed an untimely petition for post-conviction relief. The Petitioner acknowledged that his petition was untimely filed but asserted that the statute of limitations should be tolled because he was a minor at the time of the offenses.[1] The post-conviction court summarily dismissed the petition as time-barred after finding that no statutory exception existed to toll the limitations period and that the Petitioner failed to establish a basis for due process tolling. The Petitioner now appeals the post-conviction court's order. However, because the Petitioner filed an untimely notice of appeal with this court and the interest of justice does not favor a waiver of the timely filing requirement in this case, the Petitioner's appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. ROSS DYER, JJ., joined.

Donald Scott Kimbrough, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Dave S. Clark, District Attorney General, for the appellee, State of Tennessee.

---

[1] According to the post-conviction court's order dismissing the petition, the Petitioner committed the instant offenses four days before his 18th birthday.

**OPINION**

In its brief, the State asserts as a preliminary matter that the Petitioner's appeal should be dismissed based on his failure to file a timely notice of appeal. The post-conviction court summarily dismissed the petition in an order filed April 3, 2017. In addition to finding that the petition was time-barred, the post-conviction court noted that the petition was not verified as required by Tennessee Code Annotated § 40-30-104(d)-(e). On April 25, 2017, the Petitioner filed a "Motion to Reconsider Order Denying Petitioner for Relief from Conviction or Sentence and Motion for Leave to Amend Petition for Relief from Conviction or Sentence in Order for the Petition to be Verified and Motion for Appointment of Attorney." The Petitioner requested that the post-conviction court vacate its April 3 order and allow the Petitioner to file a properly verified petition, a copy of which the Petitioner attached to the motion to reconsider. On May 17, 2017, the post-conviction court entered an order denying the motion to reconsider, finding that the Petitioner "completely ignore[d]" the timeliness issue and "simply focuse[d] on the finding of the [post-conviction court] that the Petition was not verified pursuant to T.C.A. § 40-30-104(d)-(e)[.]" The Petitioner then filed a notice of appeal on June 22, 2017.[2]

Rule 4(a) of the Tennessee Rules of Appellate Procedure states that the notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). There are certain motions that will toll the time for filing the notice of appeal, including a motion for new trial under Rule 33(a) of the Tennessee Rules of Criminal Procedure. *See* Tenn. R. App. P. 4(c). However, a motion to reconsider is not among the specified motions that toll the thirty-day requirement. *State v. Lock*, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992) (citing *State v. Bilbrey*, 816 S.W.2d 71, 74 (Tenn. Crim. App. 1991)). Furthermore, this court has noted that our rules of criminal procedure do not provide for a motion to reconsider. *State v. Ryan*, 756 S.W.2d 284, 285 n. 2 (Tenn. Crim. App. 1988). Thus, the notice of appeal in this case should have been filed by May 3, 2017, thirty days after the entry of the post-conviction court's April 3 order. The Petitioner filed his notice of appeal on June 30, 2017, fifty-eight days after the deadline. However, the notice of appeal is not jurisdictional in criminal cases, and this court may waive the timely filing requirement "in the interest of justice." Tenn. R. App. P. 4(a). To determine whether waiver is appropriate, this court considers "the nature of the issues presented for review, the reasons for and length of the delay in seeking relief, and any other relevant factors

---

[2] Although the notice of appeal document bears a stamped filed date of June 30, 2017, we give the Petitioner, who is incarcerated, the benefit of the "mailbox rule," *see* Tenn. R. Crim. P. 49(d), and consider his notice of appeal filed as of the date indicated in the document itself.

presented in the particular case." *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005), *no perm. app. filed*.

In response to the State's argument, the Petitioner contends in a reply brief, without further explanation, that his motion to reconsider "was in the nature of a motion for new trial[.]" Based on this assertion, the Petitioner appears to argue that he had thirty days from the post-conviction court's May 17 order denying the motion to reconsider, in which to file a notice of appeal. However, even if we accepted the Petitioner's erroneous contention, the notice of appeal filed June 22, 2017, would still be untimely.

We conclude that a waiver of the requirement of a timely notice of appeal is inappropriate in this case. The reason for the delay in seeking relief—a presumed misunderstanding of the law—weighs against a waiver. *See State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). Moreover, the Petitioner has not addressed in either of his briefs the post-conviction court's determination that the petition was untimely and that he was not entitled to tolling of the statute of limitations. The Petitioner merely asserts that the post-conviction court dismissed the petition due to "a defect" in his pleadings, *i.e.*, the failure of the Petitioner to submit a petition verified under oath pursuant to Tennessee Code Annotated § 40-30-104(d)-(e), which he argues the post-conviction court should have allowed him to correct. The Petitioner incorrectly states that the post-conviction court "did not address the issue of whether [the] petition was timely filed or, whether [the] late-filed petition was nonetheless validly filed based upon the circumstances of this case." In dismissing the petition, the post-conviction court clearly found that "the statute of limitations has run . . . and this action should be dismiss[ed] accordingly." The post-conviction court noted that "there [was] no allegation of [] new scientific evidence establishing a claim of actual innocence, there [was] no enhancement of sentence, and in fact the negotiated plea was in fact within the Range as required by law." The post-conviction court reviewed the petition, the judgments of conviction, and the "entire file in the *State of Tennessee v. Donald Scott Kimbrough* case number A3CR262A" and could not find "any justification" for allowing the case to proceed to a hearing. The Petitioner's complete failure to address the post-conviction court's ruling that the petition is time-barred also weighs against a waiver. Accordingly, the Petitioner's appeal is dismissed as untimely.

## Conclusion

Because the interest of justice does not require a waiver of the timely filing of the notice of appeal, the appeal is dismissed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 3 -