IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 6, 2018

## STATE OF TENNESSEE v. WILLIE MORGAN

**Appeal from the Criminal Court for Shelby County**
No. 13-06170      James M. Lammey, Judge
_____

### No. W2018-00828-CCA-R3-CD
_____

Defendant, Willie Morgan, appeals from the trial court's dismissal of his "Petition for Reduction of Sentence." The trial court found that the petition was untimely under Tennessee Rule of Criminal Procedure 35. Upon our review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and J. ROSS DYER, JJ., joined.

Terrell L. Tooten, Cordova, Tennessee, for the appellant, Willie Morgan.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Stephanie Johnson and Leslie Byrd, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

Defendant was convicted by a Shelby County jury of one count of aggravated robbery, a Class B felony. *See State v. Willie Morgan*, No. W2016-01445-CCA-R3-CD, 2017 WL 1380005, at *1 (Tenn. Crim. App. Apr. 13, 2017), *no perm. app. filed.* The judgment form is not contained in the record of the present appeal. By taking judicial notice of the record from the direct appeal, *see Helton v. State*, 530 S.W.2d 781, 783 (Tenn. Crim. App. 1975), it appears that Defendant was sentenced to a term of eleven years in the local workhouse on May 19, 2016. Defendant's motion for new trial was denied on June 24, 2016. Defendant's conviction was affirmed by this Court on April 13,

2017; Defendant did not challenge his sentence on direct appeal. *Willie Morgan*, 2017 WL 1380005, at *1.

In the meantime, on March 1, 2017, Defendant filed a pro se "Petition for Reduction of Sentence." The certificate of service represents that the petition was mailed to the trial court on February 24, 2017. Defendant cited as the basis for his petition Tennessee Rule of Criminal Procedure 35 and Tennessee Code Annotated sections 40-35-212 and 40-36-106.[1] The petition stated that "on or about 6-24-2016," Defendant was sentenced to a term of eleven years to be served in the Shelby County Correctional Center. At some point, it appears that counsel was appointed to represent Defendant. On April 6, 2018, the trial court filed an order dismissing the petition as untimely under Rule 35.[2] Defendant filed a timely notice of appeal.

On appeal, Defendant argues that the trial court erred in dismissing his "Petition for Reduction of Sentence" as untimely without considering the merits of the petition. Defendant argues that the trial court's interpretation of Rule 35, though "supported by the Advisory Commission Comment[s]," denied him his due process right to be heard "based on the plain language in Rule 35." The State responds that the trial court did not abuse its discretion in dismissing the petition as untimely. We agree with the State.

Tennessee Rule of Criminal Procedure 35 provides a mechanism whereby a convicted defendant may petition the trial court to reduce or modify his sentence. However, the petition must be filed "within 120 days after the date the sentence is imposed or probation is revoked." Tenn. R. Crim. P. 35(a). In fact, the Rule specifies that "[n]o extensions shall be allowed on the time limitation" and "[n]o other actions toll the running of this time limitation." *Id.* The Advisory Commission Comments, with which Defendant takes issue, specify that "[u]nlike the federal rule which also allows a modification after appeal, the 120 days run immediately after the sentence is imposed by the trial judge and not from the mandate of the appellate court." Tenn. R. Crim. P. 35, Adv. Comm'n Cmts. We see no conflict between this comment and the plain language of the Rule stating that the 120 days begin to run "after the date the sentence is *imposed*." Tenn. R. Crim. P. 35(a) (emphasis added). The language from this Court's judgment on a defendant's direct appeal stating that the case is remanded to the trial court for *execution* of the judgment does not change the date that the sentence was originally imposed by the trial court. Nothing in the language of the Rule supports Defendant's contention that the

---

[1] Tennessee Code Annotated section 40-35-212(c) and (d) grant the trial court "full jurisdiction to modify the terms and conditions of any sentence unless the defendant has been sentenced to the [D]epartment [of Correction]." T.C.A. § 40-35-212, Sentencing Comm'n Cmts. Tennessee Code Annotated section 40-36-106 addresses eligibility for Community Corrections.

[2] Neither the trial court's order nor Defendant's appellate brief addressed Tennessee Code Annotated section 40-35-212. Any claim pursuant to that statute has been abandoned.

statute of limitations begins to run after the conclusion of the appellate proceedings. *Cf. State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999) (rejecting contention that statute of limitations for writ of error coram nobis "does not begin to run until the conclusion of the appeal as of right proceedings").

Defendant has pointed us to no authority establishing a due process right to have a Rule 35 motion heard in a meaningful time and in meaningful manner such that the statute of limitations should be tolled. *Cf. Whitehead v. State*, 402 S.W.3d 615, 623 (Tenn. 2013) (identifying circumstances in which due process requires tolling the post-conviction statute of limitations); *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001) (holding that due process may require tolling the error coram nobis statute of limitations). This Court has specifically held that Rule 35 "does not vest the defendant with a remedy as of right," *State v. Edenfield*, 299 S.W.3d 344, 346 (Tenn. Crim. App. 2009), and the trial court may deny even a timely filed motion without a hearing. Tenn. R. Crim. P. 35(c).

Finally, Defendant argues that "waiting until the final ruling [of the appellate court] is a more efficient and effective way to proceed because if the defendant receives the appellate relief being sought during the appeal of his conviction, it would negate the need to even file a petition to reduce his sentence." However, this argument is unpersuasive given that "appeals from Rule 35 motions to reduce sentences are 'separate and distinct' from appeals seeking review of the original judgment, including the sentence imposed," and are, therefore, subjected to a different standard of review. *State v. Ruiz*, 204 S.W.3d 772, 777 (Tenn. 2006) (quoting *State v. Bilbrey*, 816 S.W.2d 71, 75 (Tenn. Crim. App. 1991)); *compare id. with State v. Bise*, 380 S.W.3d 682 (Tenn. 2012). Moreover, any appeal from the trial court's ruling on the Rule 35 motion may be consolidated with a defendant's direct appeal. *See State v. Jonathan David Patterson*, __ S.W.3d __, No. M2016-01716-SC-R11-CD, 2018 WL 6441639 at *4 (Tenn. Dec. 10, 2018) (noting that defendant's direct appeal of his original sentence was consolidated with the State's appeal of the trial court's reduction of that sentence under Rule 35); *cf. Mixon*, 983 S.W.2d at 671 (recognizing that "a timely petition for writ of error coram nobis will almost always be filed while [a direct] appeal is pending" and adopting a procedure for such a circumstance).

It is clear from the record, and Defendant acknowledges, that the "Petition for Reduction of Sentence" was filed more than 120 days after the date Defendant's sentence was imposed. Therefore, the trial court did not abuse its discretion in dismissing the petition as untimely under Rule 35, and its judgment is affirmed.

_____
TIMOTHY L. EASTER, JUDGE