IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 23, 2022

**STATE OF TENNESSEE v. EMILY L. WILLIAMS**

**Appeal from the Criminal Court for Knox County**
**No. 112985   G. Scott Green, Judge**

_____

**No. E2021-00339-CCA-R3-CD**

_____

The Defendant, Emily L. Williams, appeals the trial court's denial of her Rule 35 motion for a reduction of her four-year sentence for attempted tampering with evidence. She also attempts to appeal the original sentence imposed by the trial court. After review, we conclude that the time for her to appeal her original sentence has expired and the interest of justice does not require that the timely notice of appeal requirement be waived. We affirm the judgment of the trial court denying the motion to reduce the sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN W. CAMPBELL, SR., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

John B. Dupree and John Bucher, (at trial and on appeal) Knoxville, Tennessee, for the appellant, Emily L. Williams.

Herbert H. Slatery III, Attorney General and Reporter; Edwin Allen Groves, Jr., Assistant Attorney General; Charme P. Allen, District Attorney General; and Heather Good, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The Defendant was indicted for vehicular homicide by intoxication, vehicular assault, aggravated assault, leaving the scene of an accident involving death, leaving the scene of an accident involving injury, DUI, and tampering with evidence. Following a jury trial, she was convicted of DUI, leaving the scene of an accident involving death, and

leaving the scene of an accident involving injury as charged in the indictment. On the remaining counts she was convicted of the lesser included offenses of assault, criminally negligent homicide, and attempted tampering with evidence. The record reveals that her convictions stemmed from a night of drinking where the intoxicated Defendant insisted on driving home even though her friend pleaded with her to get an Uber. While driving across a bridge the Defendant hit the pedestrian victims with her SUV resulting in the death of Thomas Burch and the serious injury of Jennifer Ouellette. After fleeing the scene, the Defendant attempted to destroy evidence by deleting incriminating texts and hiding her SUV to conceal damage caused by the collision with the victims.

At the sentencing hearing, the Defendant presented proof in the form of an allocution and testimony from her grandfather about her good character and evidence that she had completed an alcohol and drug education course and a Mothers Against Drunk Driving course. The Defendant also submitted letters of support from a number of friends and acquaintances.

At the conclusion of the sentencing hearing, the trial court sentenced the Defendant as a Range I, standard offender to four years for the Class D felony of attempted tampering with evidence, two years for the Class E felony of criminally negligent homicide, two years for the Class E felony of reckless endangerment, 11 months and 29 days for the Class A misdemeanor of driving while intoxicated, and 11 months and 29 days for the Class A misdemeanor of leaving the scene of an accident with injury. The court ordered the sentences to run concurrently, for an effective sentence of four years at thirty percent in the Tennessee Department of Correction. The transcript of the sentencing hearing reflects that the trial court was concerned with the Defendant's destruction of evidence, her unwillingness to accept responsibility for her actions, and her failure to express genuine remorse. The court denied the Defendant's request for alternative punishment but invited the Defendant to file a Rule 35 motion. The court stated that it would re-consider sentencing after she served one-year.

## ANALYSIS

### DIRECT APPEAL OF DEFENDANT'S SENTENCE

The Defendant was originally sentenced by the trial court on October 29, 2019. On November 1, 2019, the Defendant filed a Motion to Reduce or Modify Sentence pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure. The trial court denied the Defendant's Rule 35 motion on March 29, 2021. The Defendant filed her appeal as to her original sentencing and denial of her Rule 35 Motion on April 1, 2021.

An appeal must be filed within thirty days of the date of entry of the judgment appealed from. Tenn. R. App. P 4(a). In this case, the Defendant filed her notice of appeal, in which she challenges not only the denial of her Rule 35 Motion but also her original sentence, more than a year after the original judgment was entered. The timely filing of a notice of appeal is not jurisdictional and can be waived by this court in the interest of justice. The Defendant has not stated why this appeal of her original sentence was untimely filed or given any reason that the filing provision should be waived in the interest of justice. The filing of a Rule 35 Motion to Modify or Reduce Sentence does not stay the running of the thirty-day time limit to file an appeal. Rule 4(c) of the Tennessee Rules of Appellate Procedure states:

> **Termination by Specified Timely Motions in Criminal Actions.** In a criminal action, if a timely motion or petition under the Tennessee Rules of Criminal Procedure is filed in the trial court by the Defendant: (1) under Rule 29(c) for a judgment of acquittal; (2) under Rule 32(a) for a suspended sentence; (3) under Rule 32(f) for withdrawal of a plea of guilty; (4) under Rule 33(a) for a new trial; or (5) under Rule 34 for arrest of judgment, the time for appeal for all parties shall run from entry of the order denying a new trial or granting or denying any other such motion or petition.

"Obviously, the appellate rules do not specifically allow a Tenn. R. Crim. P 35 motion to suspend the running of the appeal time from the entry of the judgment. T.R.A.P. 4(c) mentions the motions which toll the time and such specificity would indicate that all other motions are excluded*." State v. Bilbrey*, 816 S.W.2d 71, 74 (Tenn. Crim. App. 1991).

> A defendant who fails to appeal from the entry of a judgment of conviction, including the sentence, but who elects to appeal after a Rule 35 motion to reduce sentence has been decided, runs the risk of having failed to preserve any issue regarding the validity of the judgment, being left with only those properly raised in the Rule 35 motion.

*Id*. at 75.

There being no good reason to waive the timely filing requirement or a recognized basis for tolling, we conclude that the Defendant has waived her claims with respect to the original sentencing by the trial court.

**RULE 35 MOTION TO MODIFY OR REDUCE SENTENCE**

- 3 -

The Defendant filed a timely "Motion to Modify or Reduce Sentence" shortly after she was sentenced. The court invited the Defendant to file the motion and stated that it would consider relief after she served one-year in custody. A hearing was conducted on December 2, 2020, and March 16, 2021, during which the trial court heard testimony from the Defendant about why she believed she should be released from custody, a statement by prison staff regarding the Defendant's fitness to be released, and arguments of counsel. The trial court took the matter under advisement and then issued a written order denying the Defendant's motion.[1]

"An appeal of a Rule 35 motion is separate and distinct from an appeal seeking review of the original judgment, including the sentence imposed." *State v. Randall Evans,* No. E2015-01815-CCA-R3-CD, 2016 WL 4582499, at *4 (Tenn. Crim. App. Sept. 2, 2015) (citing *Bilbery,* 816 S.W. 2d at 75; *State v. Ruiz,* 204 S.W. 3d 772, 777 (Tenn. Crim. App. 2006)). When reviewing the trial court's decision on a Rule 35 motion, our standard of review is abuse of discretion. *State v. Irick*, 861 S.W.2d 375 (Tenn. Crim. App. 1993). In this case, defense counsel argued that the Defendant had been incarcerated for many months beyond what she should serve as a first offender. Counsel compared the Defendant's case with others where the defendants were given probation and argued that in the interest of justice the Defendant should be released on probation. The Defendant presented the court with testimony that she had changed and was remorseful. The Defendant assured the court that she would never again break the law.

The trial court stated that it was conflicted about what to do with the Defendant's case. On the one hand, it acknowledged that the Defendant had no criminal record and had much support from family and friends, but on the other hand it reiterated the horrific nature of the crimes in which the Defendant's actions resulted in the death of one victim and the serious injury to the other victim. Ultimately, the trial court found that the Defendant's conduct in trying to conceal her crime by destroying evidence distinguished her case from the other cases mentioned by the defense. The trial court was also concerned about the Defendant's refusal to take responsibility, noting her statement in the pre-sentence report wherein she claimed that someone must have spiked her drink.

The Defendant complains that the trial court based its denial of her motion on its belief that she was guilty of vehicular homicide. A trial court may, however, consider facts and circumstances of an acquitted charge if proven by a preponderance of the evidence. *State v. Winfield*, 23 S.W.3d 279, 281 (Tenn. 2000).

---

[1] The Defendant complains that the court took an undue amount of time to rule on the Rule 35 motion. From the record, it appears that two delays were caused by pandemic concerns. At another point the court took the matter under advisement so the Defendant could appear at her parole hearing. The motion hearing was resumed after the Defendant was denied parole.

Applying the abuse of discretion standard to the trial court's decision, this Court finds that the trial court considered all the facts and circumstances fully. The trial court heard testimony from the Defendant and considered the filings and arguments of counsel. The trial court found the facts disturbing and the Defendant's conduct especially egregious due to her attempt to destroy evidence to conceal her involvement in the crime. The trial court concluded that the Defendant had not established that her sentence should be reduced or modified in the interest of justice and denied the motion.

## CONCLUSION

After review of this case and finding no error, the judgment is affirmed.

_____
JOHN W. CAMPBELL, SR., JUDGE