IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 18, 2014

## JEREMY SHANE GROOMS v. GERALD MCALISTER, WARDEN

**Appeal from the Circuit Court for Cocke County**
**No. 5412        Rex Ogle, Judge**

___

**No. E2014-01249-CCA-R3-HC-FILED-NOVEMBER 25, 2014**

___

In 2009, the Petitioner, Jeremy Shane Grooms, pleaded guilty to theft of property valued over $1,000 and aggravated burglary, and he was sentenced to eight years. One year of his sentence was to be served in jail, with the remainder to be served on community corrections. In December of 2009, a warrant was issued for the Petitioner's arrest, alleging that he had violated his community corrections sentence by driving under the influence ("DUI") and by attempting to break into and enter a vehicle. The warrant stated that the Petitioner had been sentenced to twelve years of community corrections for his original convictions. In 2014, the Petitioner filed a petition for habeas corpus relief, contending that his sentence had expired. The trial court dismissed the Petitioner's petition. On appeal, the Petitioner contends that the trial court erred when it dismissed his petition because "it met the qualifications for relief under the statute." The State counters that the appeal is untimely and further that the habeas corpus court properly dismissed the petition. After a thorough review of the record, we affirm the habeas corpus court's dismissal of the Petitioner's petition for habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

Jeffery S. Green, Newport, Tennessee, for the appellant, Jeremy Shane Grooms.

Herbert H. Slatery, III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; James Dunn, District Attorney General; and W. Brownlow Marsh, Assistant District Attorney, for the appellee, State of Tennessee.

**OPINION**

## I. Facts

The Petitioner's judgment of conviction, attached to his petition for habeas corpus relief, shows that he was convicted on May 28, 2009, for one count of theft of property valued over $1,000 and one count of aggravated burglary. He was sentenced to concurrent eight-year sentences, with one year to be served in jail and the remaining seven years to be served on community corrections.

On December 14, 2009, a violation of community corrections affidavit and warrant were issued, alleging that the Petitioner had been arrested for DUI on November 20, 2009, in Knox County. The affidavit also alleged that the Petitioner had attempted to break into and enter a vehicle on June 3, 2009, in Henderson County, North Carolina, and that the Petitioner had not paid court costs and restitution. The warrant stated that the Petitioner had been sentenced to a term of twelve years for four convictions. Two of the four convictions were the theft and burglary mentioned above, and the two other convictions were listed as evading arrest and theft of property valued under $500. The record before us does not include the judgments of conviction for either the evading arrest conviction or the theft of property valued under $500 conviction.

The record does not contain a transcript from any hearing on the violation of community corrections warrant nor does it contain the disposition of any such hearing. It does show, however, that on March 13, 2014, the Petitioner filed a petition for habeas corpus relief. He alleged that he had pleaded guilty to theft of property valued over $1,000 and to aggravated burglary in case number 0697 and was sentenced to serve "12 years; 1 year in the Cocke County Jail prior to community corrections for the remaining 7 years." In a footnote, he states that he also pled guilty to two counts of theft of property valued under $500 and evading arrest in case numbers 1013, 1423, and 1376.

In the habeas corpus petition, the Petitioner alleged that he had been "continuously incarcerated" since he had been arrested in Hendersonville, North Carolina on June 6, 2010. He was incarcerated in North Carolina from June 6, 2010, until he was transferred to jail in Tennessee on November 8, 2010. He stated that he had not been given jail credit for the time he served in jail in North Carolina or the time he served in Tennessee between November 8, 2010, and September 2011. The Petitioner estimated the time for which he had not been credited amounted to 308 days. He offered that, as a result of a clerical error, he had been deprived of 463 days of jail credits that the trial court should have awarded him. We are unable to discern from the record the discrepancy between the 308 days and the 463 days of credit to which the Petitioner says he is entitled.

The State responded to the petition for writ of habeas corpus by noting that a "clerical

error" is not an "illegal sentence," so did not entitle the Petitioner to habeas corpus relief. The State further averred that the habeas corpus court was without jurisdiction to hear the petition because the proper venue for the Petitioner to address his grievance was through the Uniform Administrative Procedures Act.

The habeas corpus court appointed counsel and set a hearing. The State filed a "Further Response to the Petition For Writ of Habeas Corpus." In it, the State offered more case law to support its assertion that the habeas corpus court was without jurisdiction to hear the petition. On April 21, 2014, the State moved to dismiss the Petitioner's petition for habeas corpus relief. The State noted that the Petitioner had failed to meet the qualifications for relief under the habeas corpus statute. The State asserted that the Petitioner had failed to attach copies of the judgments of conviction at issue, specifically the order revoking his community corrections sentence. The State further asserted that the Petitioner had failed to attach any part of the record to establish that he was entitled to pretrial jail credits and had not offered any reason for failing to do so. The State asked the trial court to dismiss the petition for habeas corpus relief based upon his failure to abide by all of the statutory procedural requirements. On May 2, 2014, the habeas corpus court granted the State's motion and dismissed the Petitioner's petition.

The Petitioner filed a "motion for new trial." In it, he noted that his petition included two of the judgments of conviction against him, the warrant alleging a community corrections violation, and the "eTomis print-out" that showed the days he was not credited as pretrial jail credits. He asserted that the convicting court possessed the relevant records and retained the authority to correct his illegal sentence at any time. On June 3, 2014, the habeas corpus court denied the Petitioner's "motion for new trial."

The Petitioner filed his notice of appeal on June 30, 2014.

## II. Analysis

On appeal, the Petitioner contends that the habeas corpus court erred when it dismissed his petition for habeas corpus relief, asserting that his petition met the qualifications for relief pursuant to the habeas corpus statute. He asserts that he satisfied the habeas requirements by attaching to his petition the two judgments sentencing him to community corrections and the warrant requiring his arrest for his violation of community corrections. The State first contends that the Petitioner's appeal should be dismissed because he did not timely file his notice of appeal. It notes that the judgment dismissing his petition for habeas corpus relief was entered May 2, 2014, and that he did not file his appeal until June 30, 2014. The State further contends that the habeas corpus court properly dismissed the petition because the Petitioner failed to meet the statutory requirements by failing to

-3-

attach the order revoking his community corrections sentence or any other document to establish that he was in custody on the dates he listed.

We first note that the Petitioner has failed to make any citation to the record in his brief. Appellate briefs shall contain "the contentions of the appellant with respect to the issues presented, . . . including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on; and . . . for each issue, a concise statement of the applicable standard of review." Tenn. R. App. P. 27(a)(7). In light of his failure to properly present this issue for our review, we conclude that he has waived appellate review of the habeas corpus court's dismissal of his petition for habeas corpus relief. *See* Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."); *see also Berry v. State*, 366 S.W.3d 160, 169 (Tenn. Crim. App. 2011).

The Petitioner has further waived our review by failing to timely file his notice of appeal. The habeas corpus court dismissed his petition on May 2, 2014. The Petitioner filed a "motion for new trial," a filing not contemplated by the habeas corpus statute. An appeal as of right is initiated by the filing of a notice of appeal within thirty days of the entry of the judgment being appealed. Tenn. R. App. P. 4(a). However, if a timely motion for: (1) judgment of acquittal, (2) a new trial, (3) arrest of judgment, or (4) a suspended sentence is filed, the thirty-day time period begins at the entry of the order determining such motion or motions. Tenn. R. App. P. 4(c). No other motion, including one for rehearing, is allowed to suspend the running of the appeal time from the entry of the judgment. *State v. Bilbrey*, 816 S.W.2d 71, 74 (Tenn. Crim. App. 1991).

Tennessee Rule of Criminal Procedure 33 provides provides in pertinent part that:

> [a] motion for a new trial shall be in writing or, if made orally in open court, be reduced to writing, within thirty days of the date the order of sentence is entered. The court shall liberally grant motions to amend the motion for new trial until the day of the hearing on the motion for a new trial.

Tenn. R. Crim. P. 33(b). A motion for new trial is not a filing that is appropriate when seeking reconsideration of a habeas corpus petition. This Court has noted that "there is no provision in the Tennessee Rules of Criminal Procedure for a 'petition to reconsider' or a 'petition to rehear'" of a habeas corpus petition. *State v. Ryan*, 756 S.W.2d 284, 285, n.2 (Tenn. Crim. App. 1988). In reviewing the Petitioner's motion for new trial, the Court must consider the substance of the motion in determining whether it is, in fact, one of the specified post-trial motions which toll the commencement of the time period. *See Tenn. Farmers Mut.*

*Ins. Co. v. Farmer*, 970 S.W.2d 453, 455 (Tenn. 1998). Our review of the motion shows that it is clearly a motion for the trial court to reconsider its ruling on the habeas corpus petition. As stated above, there is no rule allowing for a motion for reconsideration of a habeas corpus denial. This filing, therefore, did not toll the thirty days that the Petitioner had to file his notice of appeal of the habeas corpus court's dismissal of his petition. We can, under some circumstances, waive the filing of the notice of appeal document "in the interest of justice." Tenn. R. App. P. 4(a). We note that the Petitioner would not be entitled to relief even were this Court to review his case on the merits. The interest of justice does not require waiver in this case.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2012). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

It is the petitioner's burden to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000). The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Archer*, 851 S.W.2d at 165. The formal requirements for a petition for a writ of habeas

corpus are found at Tennessee Code Annotated section 29-21-107:

>(a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
>
>(b) The petition shall state:
>
>>(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
>>
>>(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
>>
>>(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
>>
>>(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas court may dismiss a petition for habeas corpus relief that fails to comply with these procedural requirements. *Hickman v. State*, 153 S.W.3d 16, 21 (Tenn. 2004); *James M. Grant v. State*, No. M2006-01368-CCA-R3-HC, 2006 WL 2805208 (Tenn. Crim. App., at Nashville, Oct. 2, 2006), *no Tenn. R. App. P. 11 application filed*.

The Petitioner failed to include all the relevant judgments of conviction against him. He included two judgments of conviction and alleged that he was incarcerated in North Carolina from June 6, 2010, to November 7, 2010, pursuant to those judgments. He further averred that he was incarcerated in Tennessee from November 8, 2010, through September 11, 2011, on those same judgments. While in North Carolina, however, he was arrested and charged with DUI. It is unclear whether some or all of his incarceration in North Carolina was in relation to that charge. The Defendant also pleaded guilty to at least three other

offenses in Tennessee; the judgments of conviction are not in the record, and it is not clear if any period of his incarceration was for those convictions. Without the community corrections revocation or the other judgments, it is impossible for this Court to determine for which conviction the Petitioner was serving time. Further, while the failure of a trial court to credit a petitioner with mandated pretrial jail credit results in an illegal sentence, making it a cognizable claim for habeas corpus relief, *see Tucker v. Morrow*, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009), documents supporting a claim for habeas corpus relief "must come from the record of the underlying proceedings." *Id.* at 124. TOMIS reports are generated by the Tennessee Department of Correction "following an inmate's transfer to prison" and cannot "be considered a part of the record of the underlying proceedings;" therefore, "a TOMIS report cannot be used to establish a claim for habeas corpus relief." *Id*. "Any disagreement regarding the information in TOMIS reports should be addressed via the Uniform Administrative Procedures Act." *Id*. Accordingly, we conclude that the interest of justice does not require us to waive the Petitioner's late filed notice of appeal. The Petitioner is not entitled to relief.

### III. Conclusion

After a thorough review of the record and the applicable law, we affirm the habeas corpus court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE